**Maria Aurora Rocha GRAJALES, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States, Respondent.**

No. 08–0378–ag.

United States Court of Appeals, Second Circuit.

Dec. 22, 2008.

Alan Michael Strauss, Esq., for Stanley H. Wallenstein, New York, NY, for Petitioner.

R. Alexander Goring, Esq., Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Maria Grajales petitions for review of a final order of removal entered by the Board of Immigration Appeals on the ground that Grajales was convicted of two crimes involving moral turpitude (CIMT)

in violation of 8 U.S.C. § 1227(a)(2)(A)(ii). Grajales has admitted that she was convicted of larceny in violation of Michigan General Statute § 750.360, and of making a false statement on a passport application in violation of 18 U.S.C. § 1542. Grajales contested removability before the Immigration Judge (IJ) on the ground that making a false statement on a passport application is not a CIMT. The IJ rejected Grajales's argument and ordered her removed. The BIA, citing this Court's recent decision in *Rodriguez v. Gonzales,* 451 F.3d 60 (2d Cir.2006), affirmed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

*Rodriguez* holds that a § 1542 violation constitutes a CIMT because it "involves deceit and an intent to impair the efficiency and lawful functioning of the government." 451 F.3d at 64. Grajales concedes that *Rodriguez* controls her case, but she asks that we revisit *Rodriguez* because, she argues, it was decided incorrectly. It is well-settled that one panel of this Court may not overrule the decision of a prior panel except where an intervening Supreme Court decision casts doubt on the prior ruling. *Finkel v. Stratton Corp.,* 962 F.2d 169, 174–75 (2d Cir.1992).

Additionally, Grajales's arguments do not warrant reversal. This Court defers to the BIA's construction of undefined statutory terms such as "moral turpitude." *Gill v. I.N.S.,* 420 F.3d 82, 89 (2d Cir.2005). Grajales suggests that the BIA has construed "moral turpitude" to apply only to crimes that have an "evil intent" element, and that because we have found that a § 1542 violation does not require a finding of evil intent, *see United States v. George,* 386 F.3d 383, 394 (2d Cir.2004), such a violation cannot constitute a CIMT.

Grajales is incorrect. "[W]hile crimes involving moral turpitude often involve an evil intent, such a specific intent is not a prerequisite to finding that a crime involves moral turpitude." *In re Jose Luis Lopez–Meza,* 22 I. & N. Dec. 1188, 1192 (B.I.A.1999). Rather, in determining whether an offense constitutes a CIMT, it is necessary to evaluate whether "the statute defines a crime in which turpitude necessarily inheres." *Id.* at 1193. As the *Rodriguez* panel recognized, moral turpitude necessarily inheres in a § 1542 violation. *Rodriguez,* 451 F.3d at 65. *Rodriguez* was correctly decided, and controls this appeal.

Accordingly, we hereby **DENY** Grajales's petition for review.